U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 14 2017

TONY R. MOORE  CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DON BORING, ET AL. | * | CIVIL ACTION NO. 2:14-CV-00985 |
| | * | |
| VERSUS | * | |
| | * | JUDGE TRIMBLE |
| AEROFRAME SERVICES LLC, ET AL. | * | |
| | * | |
| | * | MAGISTRATE JUDGE KAY |

*************************************************************************

## JUDGMENT

For the reasons stated in the Report and Recommendation (Rec. Doc. 28) of the Magistrate Judge previously filed herein, after consideration of the Objections filed by the plaintiffs and Aeroframe Services, LLC (Rec. Docs. 30, 31), consideration of the Responses filed by Aviation Technical Services, Inc. (2:14-cv-00983, *Warner v. Aeroframe Services, LLC,* Rec. Doc. 42; 2:14-cv-00990, *Blanton v. Aeroframe Services, LLC*, Rec. Doc. 29),[1] an independent review of the record, and a *de novo* determination of the issues; the court determines that the findings are correct under applicable law. The court adopts the Report and Recommendation which bases its conclusions on the Cox, Cox, Filo, Camel & Wilson Law Firm's ("the Cox Law Firm") actual concurrent representation of the plaintiffs and Roger Porter, the sole member and CEO of Aeroframe Services, LLC. The parties are realigned based on the Cox Law Firm's argument that the plaintiffs and Porter have validly waived the conflict of interest which stems from the concurrent representation. This necessary waiver could not be valid unless the plaintiffs and Aeroframe Services, LLC are not adverse parties. Unless the plaintiffs and Aeroframe Services,

---

[1] While filed only in *Warner* and *Blanton* respectively, the Responses reference the above-captioned case. In the *Warner* Response, Aviation Technical Services, Inc. (ATS) describes how the behavior of the Cox, Cox, Filo, Camel & Wilson Law Firm is sanctionable under Rule 11 and 28 U.S.C. § 1927. However, because ATS did not formally move for the court to sanction the firm, the court will not do so at this time.

LLC have resolved their claims, this representation would create a nonconsentable concurrent conflict of interest. *See* La. St. Bar Art. 16, Rules of Prof. Conduct Rule 1.7(b). Accordingly,

**IT IS ORDERED** that Roger Porter's Motion to Remand and Motion for Attorney's Fees (Rec. Doc. 9) are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' Motion to Remand (Rec. Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Aeroframe Services, LLC's Motion to Remand (Rec. Doc. 13) is **DENIED**.

**THUS DONE AND SIGNED** in Alexandria, Louisiana, this 14th day of February, 2017.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE